IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| EZRA ROMANOV, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:25-cv-00229 |
| | ) Judge Trauger |
| META PLATFORMS, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ezra Romanov, a Tennessee resident proceeding pro se, has filed a Complaint "for negligence, violations of federal laws, and failure to adequately safeguard Plaintiff's Facebook account" against Defendant Meta Platforms, Inc. ("Meta"), and "DOES 1 through 20, inclusive."[1] (Doc. No. 1.) The plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I. APPLICATION TO PROCEED IFP**

The plaintiff's IFP application lists monthly expenses that exceed his monthly income from a job he started on February 15, 2025, two weeks prior to filing this case. A subsequent filing demonstrates that the plaintiff's last day on that job was April 25. (*See* Doc. No. 9.) The record therefore sufficiently demonstrates that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL

---

[1] Outside of its caption, the Complaint does not refer to any Doe defendants. Rather, the Complaint (and the plaintiff's proposed amendment thereto (Doc. No. 6 at 4–8)) refers throughout to a singular "Defendant," Meta. Accordingly, for purposes of initial review, the Court will treat this case as filed solely against Meta.

8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City, supra*.

A. <u>Jurisdiction</u>

As a threshold matter, the court must be assured of its subject-matter jurisdiction. *Miller v.*

*Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). The Complaint explicitly invokes the court's federal-question jurisdiction under 28 U.S.C. § 1331, based on the assertion that Meta violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and two federal "privacy and identity theft laws," 18 U.S.C. §§ 1028 and 2511. (Doc. No. 1 at 1–3.) But these are federal criminal laws. The citation of a law that criminalizes certain behavior without also providing for a private right of action against the perpetrator of the crime generally does not suffice to establish jurisdiction in a federal civil action. *See*, *e.g.*, *Kemp v. Place All. L.L.C.*, No. 6:22-CV-262-PGB-LHP, 2022 WL 3136895, at *3 (M.D. Fla. June 15, 2022), *report and recommendation adopted*, 2022 WL 3136884 (M.D. Fla. July 11, 2022); *Kordan v. Rigg*, No. 21-CV-11419, 2021 WL 3612293, at *2–4 (E.D. Mich. July 23, 2021), *report and recommendation adopted*, 2021 WL 3603366 (E.D. Mich. Aug. 13, 2021) (citing, *e.g.*, *Am. Postal Workers Union, AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (noting "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions")).

However, in addition to criminal penalties, both Section 1030 and Section 2511 provide a private right of action to enforce their prohibitions, *see Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 759 (6th Cir. 2020) (citing 18 U.S.C. § 1030(g)); *Huff v. Spaw*, 794 F.3d 543, 548 (6th Cir. 2015) (citing 18 U.S.C. § 2520(a)), though Section 1028 does not. *Selmon-Austin v. Wells Fargo Bank*, No. 221CV02724JTFCGC, 2022 WL 3337274, at *3 (W.D. Tenn. May 4, 2022), *report and recommendation adopted*, 2022 WL 18141470 (W.D. Tenn. Sept. 7, 2022). Accordingly, for purposes of this preliminary jurisdictional analysis, the court finds that federal-question jurisdiction under 28 U.S.C. § 1331 is properly invoked. And even if it were not, the Complaint alleges that the plaintiff is a resident of Tennessee, and that Meta "is a Delaware

corporation with its principal place of business at 1601 Willow Road, Menlo Park, CA 94025." (Doc. No. 1 at 2.) It also clearly supports an amount in controversy that exceeds $75,000 (*see id.* at 3), based on damages that are claimed to have resulted from Meta's negligence and breach of contract. (*Id.* at 2–3.) With the diversity-of-citizenship and amount-in-controversy requirements sufficiently pled, the Complaint may also be liberally construed to invoke 28 U.S.C. § 1332's grant of diversity jurisdiction. *See Young v. Exeter Fin. Corp.*, No. 3:19-CV-00363, 2019 WL 13203945, at *1 (M.D. Tenn. May 23, 2019) ("Despite invoking federal-question jurisdiction only, Plaintiff[] . . . also asserts that the amount in controversy exceeds $75,000 and that he and the Defendant are citizens of different states. The Court finds that the Complaint, liberally construed, states a colorable claim under Tennessee law . . . to which the Court's diversity jurisdiction extends[.]").

B. <u>Plaintiff's Allegations and Claims</u>

In a proposed First Amended Complaint (Doc. No. 6)—which the plaintiff is entitled to file as a matter of course because the Complaint has not been served on Meta, *see* Fed. R. Civ. P. 15(a)(1)—the plaintiff reasserts his claims under the aforementioned criminal statutes, as well as his state law negligence and breach-of-contract claims, while adding a claim of discrimination under 42 U.S.C. § 1981 and two additional state law claims, for "reckless negligence" and intentional infliction of emotional distress. (Doc. No. 6 at 6–7.) He alleges that Meta failed to "ensure account security and fraud prevention" and thereby breached its Terms of Service. (*Id.* at 7.) He further claims that Meta failed to act, in contravention of its duties under its "Community Standards," when he reported that his Facebook account and business page had been hacked in December 2022. (*Id.* at 5.) As a result of Meta's failure to act when the hackers took control of the plaintiff's Facebook page, renamed it, and posted explicit material and cryptocurrency scams to it, the plaintiff incurred $3 million in financial losses and "severe reputational damage." (*Id.*) He also

4

had to endure an FBI investigation triggered by the hackers' postings. (*Id.*) The plaintiff's mental health suffered greatly from Meta's alleged failure to do anything about his hacked account, other than delete it, despite his persistent efforts to engage Meta's assistance; he has had multiple suicide attempts and has suffered panic attacks and emotional distress requiring significant therapy and resulting in his inability to continue working as a musician and entrepreneur. (*Id.*) His physical health also suffered, including through flare-ups of lupus and stress-induced seizures. (*Id.* at 6.)

C. <u>Analysis of Plaintiff's Claims</u>

Taking the foregoing factual allegations as true, the court finds, for purposes of initial review, that all the plaintiff's state law claims are colorable and will be allowed to proceed. However, as discussed below, he fails plausibly to claim any right to relief under federal law.

First, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, only authorizes "a civil action against a violator" whose "conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g). Of the five subclauses, only subclause (I)—"loss to 1 or more persons during any 1-year period aggregating at least $5,000 in value"—is potentially applicable here. *Id.* § 1030(c)(4)(A)(i)(I). (*See* Doc. No. 6 at 7 (claiming that "Meta's inadequate security caused losses exceeding $5,000 annually").) But "loss" for these purposes relates to "technological harms" such as "harm to computer data, programs, systems, or information services"—the type of harms that "unauthorized users cause to computer systems and data." *Van Buren v. United States*, 593 U.S. 374, 391 (2021) (citing 18 U.S.C. § 1030(e)(11)). This tracks with Section 1030(g)'s authorization of a private right of action against "a violator"—in this case, the hacker, who is not a named defendant. As the Sixth Circuit has recently explained:

> The Computer Fraud and Abuse Act protects our Nation's computers from hacking. Enacted in 1984 and significantly amended in 1986, the Act's computer trespass provision covers anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains ... information." 18

5

> U.S.C. § 1030(a)(2)(C).
>
> The Act prohibits two types of digital trespassing: access without authorization and access that exceeds authorization. *Id.* Access "without authorization" refers to "outside hackers—those who access a computer without any permission at all." *Van Buren v. United States*, 593 U.S. 374, 389, 141 S.Ct. 1648, 210 L.Ed.2d 26 (2021) (quotation omitted). Access that exceeds authorization targets "inside hackers—those who access a computer with permission, but then exceed the parameters of authorized access by entering an area" of a computer that remains off-limits. *Id.* at 389–90, 141 S.Ct. 1648 (quotation omitted).

*Abu v. Dickson*, 107 F.4th 508, 514 (6th Cir. 2024). The plaintiff's claim against Meta under Section 1030, for "allowing hackers to rename and retain [his Facebook] page" (Doc. No. 6 at 5), is not a proper claim against "a violator" of that criminal statute. It must therefore be dismissed.

As to the plaintiff's claims under 18 U.S.C. §§ 1028 and 2511, neither are plausibly stated. As noted above, Section 1028 does not provide a private right of action, so "a claim upon which relief can be granted cannot be found." *Selmon-Austin*, 2022 WL 3337274, at *3 (citing *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004)). And the proscriptions of Section 2511 (part of the federal Wiretap Act)—though enforceable through a private right of action against a defendant who "engaged in [a] violation" of the statute by intercepting, disclosing, or intentionally using another's "wire, oral, or electronic communication," 18 U.S.C. § 2520(a)—are not enforceable in a civil suit against anyone but the violator, meaning someone who "engaged in" or at least "play[ed] an active role in" the interception, disclosure, or intentional use of the plaintiff's electronic communications. *Luis v. Zang*, 833 F.3d 619, 637 (6th Cir. 2016). Here, the plaintiff merely charges Meta with "failure to prevent" violative conduct. (Doc. No. 6 at 7.) Accordingly, the claims under Sections 1028 and 2511 must be dismissed.

The plaintiff's Section 1981 claim is based on alleged "bias against Plaintiff's Russian nationality, denying him equal contractual protections under Meta's Terms of Service." (*Id.* at 6.) "Section 1981 prohibits discrimination on the basis of race"—which would include discrimination

on the basis of Russian ethnicity—"but not discrimination on the basis of national origin." *Kostic v. United Parcel Serv., Inc.*, 532 F. Supp. 3d 513, 522 (M.D. Tenn. 2021) (citing *Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 613 (1987) and *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). The plaintiff's filings contain very limited factual allegations in support of his discrimination claim, but the allegations he does present indicate that nationality, not ethnicity, is what he accuses Meta of targeting. (*See also* Doc. No. 6 at 21 (asserting that "Russian state media" and "individual Russian users" were targeted to "curb[] the spread of state-sponsored disinformation"); Doc. No. 7 at 4 (tying Section 1981 claim to the plaintiff's status "as a Russian national.") Accordingly, the plaintiff's claim under Section 1981, like his federal claims under 18 U.S.C. §§ 1028, 1030, and 2511, will be dismissed. The dismissal of his Section 1981 claim will be without prejudice to his ability to further amend his pleadings if he intends to claim that he has been discriminated against because he is ethnically Russian, regardless of his national origin.

This case will proceed for further development of the plaintiff's claims under Tennessee law.

### III. FURTHER PROCEEDINGS

In light of the foregoing, the plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 6) is **GRANTED**. The Clerk **SHALL** docket the Proposed First Amended Complaint (Doc. No. 6 at 4–8) as the First Amended Complaint. Because the plaintiff was entitled to amend his Complaint as a matter of course, there is no need for the court to consider "additional evidence in ruling on the motion for leave to [amend]." (Doc. No. 7 at 6.) The Clerk is therefore **DIRECTED** to terminate Docket Number 7 as a pending motion.

The plaintiff's claims under 18 U.S.C. §§ 1028, 1030, and 2511, as well as his claim under 42 U.S.C. § 1981, are **DISMISSED**.

As explained above, the Complaint states nonfrivolous claims that will proceed for further development.[2] Accordingly, the Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for the defendant, Meta Platforms, Inc. The plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue a summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The remaining motions currently pending in this matter (Doc. Nos. 8 and 10) are **RESERVED** for decision by the Magistrate Judge.

The plaintiff is cautioned that he must keep the court informed of his current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Resources for pro se litigants are available free of charge on the court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

It is so **ORDERED**.

 _____
Aleta A. Trauger
United States District Judge

---

[2] The above determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.